UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA R. MCPHEE,

       Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

Case No.  11-13399

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MONA K. MAJZOUB

### ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [23], GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND [18], AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [20]

Now before the court is the Magistrate Judge's Report and Recommendation ("R&R") [23], entered on January 9, 2013, recommending that Plaintiff's Motion to Remand [18] be GRANTED IN PART and DENIED IN PART, and that Defendant's Motion for Summary Judgment [20] be DENIED.  Defendant filed Objections [25] on January 22, 2013.

For the reasons states below, Plaintiff's Motion to Remand [18] is granted as to further consideration of Plaintiff's moderate difficulties in concentration, pace, and persistence, as well as Plaintiff's mental impairments, including Plaintiff's severe mental impairments of adjustment disorder with depressed mood and anxiety disorder. Plaintiff's Motion to Remand [18] is denied as to further consideration Plaintiff's visual acuity and need for a low stress work environment. Defendant's Motion for Summary Judgment [20] is denied.

### I. Procedural Background

Plaintiff filed an application for Disability Insurance Benefits with a protective filing date of July 19, 2007, alleging that she had been disabled since July 2, 2007. The Social Security Administration denied benefits. Plaintiff requested a de novo hearing, which was held via video on

February 22, 2010, before Administrative Law Judge (ALJ) Karen Sayon. ALJ Sayon subsequently found that Plaintiff was not entitled to Disability Insurance Benefits because Plaintiff was capable of performing other work in the economy. The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced the instant action for judicial review.

On January 19, 2012, Plaintiff filed her Motion for Remand [18]. On March 19, 2012, Defendant filed its Motion for Summary Judgment [20]. On January 9, 2013, the Magistrate Judge filed its Report and Recommendation [23]. Defendant filed its Objections [25] on January 22, 2013.

## II. Factual Background

The R&R contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R in full.

## III. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)(c).

In considering a motion to dismiss, all well-pled allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). To survive a motion to dismiss or for judgment on the pleadings, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When they are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

In reviewing an Administrative Law Judge's ("ALJ") decisions, 42 U.S.C. § 405(g) provides that the ALJ's "factual findings are conclusive if supported by substantial evidence." *Maziarz v.*

*Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405-06 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)) (internal quotation marks omitted); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In order to determine "whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

### IV. Analysis

In the R&R [23], the Magistrate Judge recommends that Plaintiff's Motion to Remand [18] be granted for further consideration of Plaintiff's mental impairments, including Plaintiff's possible need for a low stress work environment, as well as the ALJ's finding that Plaintiff has moderate difficulty with concentration, persistence, or pace (CPP). Specifically, the Magistrate Judge found that the hypothetical questions presented to the Vocational Expert (VE) failed to include these mental impairments. Based on this failure, the Magistrate Judge concluded that the ALJ's findings are not supported by substantial evidence. The Magistrate Judge also recommends that the Motion to Remand [18] be denied with respect to further consideration of Plaintiff's visual acuity. Due to the recommendation for remand concerning mental impairments, the Magistrate Judge recommends that Defendant's Motion for Summary Judgment [20] be denied.

Defendant objects to the recommendation for remand arguing that it is based on "the erroneous assumption that the ALJ's ultimate decision not to include additional mental limitations signaled the ALJ's failure to consider the deficits in concentration, persistence, or pace and translate them properly into limitations." The Defendant also argues that the ALJ's hypothetical questions to the VE, which included the ALJ's determination of a residual function capacity (RFC) limiting work to that involving "simple instructions, only routine tasks, and no public interaction," sufficiently considered Plaintiff's mental limitations, including any need for a low stress environment.

## A. Concentration, Persistence, or Pace

A Vocation Expert's response to a hypothetical question may be used as substantial evidence only "if the question accurately portrays [plaintiff's] individual physical and mental impairments." *Varley v. Secretary of Health & Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). While the hypothetical questions need not list all impairments verbatim, moderate deficiencies in CPP suggest substantial limitations that should be acknowledged in the questions. *See Tompkins v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 77876, at *12 ( E.D. Mich. May 10, 2012)(*citing Edwards v. Barnhart*, 383 F.Supp.2d 920, 931 (E.D. Mich. 2005)). Moreover, the failure to account for moderate deficiencies in CPP within the hypothetical questions constitutes reversible error. *Ealy v. Commissioner of Social Sec.*, 594 F.3d 504, 516 -517 (6th Cir. 2010). The case law in this district distinguishes those cases in which a medical expert has found a moderate limitation in CPP, and those where the ALJ found such a limitation. When the ALJ has found such a limitation, the ALJ must incorporate these limitations into the hypothetical questions. *Boley v. Astrue*, 2012 U.S. Dist. LEXIS 27462, at *46-47 (E.D. Mich. Feb. 10, 2012)(*citing Hicks v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 136052, at *15-17 (E.D. Mich. 2011)). This is the case whether or not the ALJ included the limitation in the RFC. *Boley*, 2012 U.S. Dist. LEXIS 27462, at *45.

In the instant case, the ALJ made an independent finding of Plaintiff's moderate difficulty in CPP, based upon the state psychological consultant and medical expert's opinions. In fact, the ALJ went on to include this finding into a hypothetical question to the VE. The ALJ asked that if an "individual would be off task about thirty percent of the time due to pain complaints and other concentration problems, would an employer tolerate that level of being off task?" In response to this question, the VE determined that no employer would tolerate this hypothetical. This hypothetical question and answer is not determinative of Plaintiff's case. However, as the Magistrate Judge notes, it does suggest that remand for further consideration of Plaintiff's moderate difficulties in CPP may effect the ALJ's findings. Moreover, the ALH's hypothetical questions limiting work to "simple instructions, [and] only routine tasks" does not capture Plaintiff's moderate deficiencies in CPP. *See e.g. Brown v. Comm'r of Soc. Sec.*, 672 F. Supp. 2d 794, 797 (E.D. Mich. 2009) (finding hypothetical with simple, routine tasks with one or two steps insufficient to capture moderate limitation in CPP); *Edwards v. Barnhart*, 383 F. Supp. 2d 920, 930-31 (E.D. Mich. 2005) (finding hypothetical with limit of simple and routine work insufficient); *see also Cheeks v. Comm'r of Soc. Social Sec.*, 690 F.Supp.2d 592, 602 (E.D. Mich. 2009).

Therefore, the case must be remanded for further proceedings in consideration of Plaintiff's moderate difficulties with CPP.

**B. Mental Impairments**

The ALJ found that Plaintiff had severe mental impairments including adjustment disorder with depressed mood and anxiety disorder. The Administration's medical expert found that Plaintiff would be capable of performing unskilled and simple tasks in a low stress environment. The Magistrate Judge found that the ALJ's hypothetical questions that included limitations for simple instructions, routine tasks, and no public interaction did not sufficiently address the findings as to

5

these mental impairments and a low stress work environment.

A hypothetical question including limitations for simple and unskilled work are insufficient to address a claimant's adjustment disorder with depressed mood. *Walker v. Barnhart*, 258 F. Supp. 2d 693, 701 ( E.D. Mich. 2003); *see also Eiseler v. Barnhart*, 344 F. Supp. 2d 1019, 1029 ( E.D. Mich. 2004)(finding that limiting claimant to unskilled work is an inadequate accommodation of limitations involving severe depression). The instant case is distinguishable from *Walker* and *Eiseler* as the ALJ included the limitation of "no public interaction" within the hypothetical question, in addition to the limitations for simple instructions and routine tasks. However, the record as a whole does not show that a limitation of "no public interaction" sufficiently addresses Plaintiff's adjustment disorder with depressed mood and anxiety disorder. Plaintiff testified to having regular anxiety attacks without specific cause. In addition, Plaintiff's mental health evaluation concluded that Plaintiff suffers from general anxiety, depression, and a panic disorder without agoraphobia. In general, the evaluation found Plaintiff's prognosis to be poor. Therefore, the case must be remanded for further proceedings in consideration of Plaintiff's severe adjustment disorder with depressed mood and anxiety disorder.

The Magistrate Judge also found that the hypothetical questions did not include limitations addressing Plaintiff's need for a low stress work environment. Then Magistrate Judge specifically points to the report of the Administration's medical expert that included a limitation of a low stress environment. The ALJ gave this expert report great weight and found it to be consistent with the evidence. However, the ALJ need not incorporate every aspect of the report into the RFC or hypothetical questions. *See McCain v. Dir., OWCP*, 58 F. App'x 184, 193 (6th Cir. 2003)("The ALJ is not bound to accept the opinion or theory of any medical expert, but may weigh the evidence and draw his own inferences.") Here, the ALJ herself made no independent findings as to Plaintiff's

ability to deal with stressful environments. The ALJ was also not required to make such a finding. Therefore, the ALJ sufficiently considered Plaintiff's ability to manage stress.

## Conclusion

For the reasons stated above Plaintiff's Motion to Remand [18] is granted as to further consideration of Plaintiff's moderate difficulties in concentration, pace, and persistence, as well as Plaintiff's mental impairments, including Plaintiff's severe mental impairments of adjustment disorder with depressed mood and anxiety disorder. Plaintiff's Motion to Remand [18] is denied as to further consideration Plaintiff's visual acuity and need for a low stress work environment. Therefore, Defendant's Motion for Summary Judgment [20] is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [23] is **ADOPTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand [18] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [20] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 27, 2013